UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WISCONSIN

ELAINE L. CHAO,

        Plaintiff,

        v.                                      Case No. 06-C-1032

AMERICAN RESOURCE RECOVERY
CORPORATION,
DAVID AHERN,
JAMES KIDD,
AMERICAN RESOURCE RECOVERY
CORPORATION 401(K) RETIREMENT PLAN,

        Defendants.

ORDER DIRECTING PLAINTIFF TO SUPPORT FINDING THAT AHERN
IS NOT A SERVICEMEMBER AND DISMISSING CLAIMS AGAINST PLAN

        In an order of November 8, 2007, the court ordered plaintiff, by November 19, 2007, to demonstrate that she was taking appropriate action to resolve this case against defendants David Ahern and the American Resource Recovery Corporation 401(k) Retirement Plan. The court warned that failure to act would result in dismissal of the claims against Ahern and the plan.

        On November 21 (two days late), plaintiff requested that the clerk enter default against Ahern, but she did not seek relief against the plan. However, the declaration filed in support of the request (attached to doc. #33) mentions that an examination of the file reveals that three defendants – Ahern, the plan and American Resource Recovery Corporation (even though plaintiff previously dismissed her claims against the corporation) – have failed to plead or otherwise defend. In support of the entry of default against Ahern, the plaintiff stated:

> To the best of Declarant's knowledge and belief, Defendant David Ahern is not a minor or incompetent. In accordance with 50 App. U.S.C. § 521 of the Servicemembers Civil Relief Act of 2003, Pub. L. No. 108-189, 117 Stat. 2835, to the best of Declarant's knowledge or belief, Defendant David Ahern is not on active duty in the Armed Forces of the United States, under a call to active service in the National Guard, a commissioned officer of the Public Health Service or the National Oceanic and Atmospheric Administration in active service, nor is Defendant a dependent (spouse, child or other) of such an individual. Defendant Corporation and Plan are subject to military service.

(Mot. for Entry of Clerk's Default, Attach. 1 ¶ 4.)

The court notified plaintiff eight months ago regarding the Servicemembers Civil Relief Act, stating in an order of April 6, 2007, that

> under the Servicemembers Civil Relief Act, 50 U.S.C. App. §§ 501-596, servicemembers are protected against default judgments. Section 521 provides that in any action in which the defendant fails to appear, before any judgment can be entered in favor of a plaintiff, *the plaintiff must file an affidavit "stating whether or not the defendant is in military service and showing necessary facts to support the affidavit"* or else stating that the plaintiff has been unable to determine whether the defendant is in the military service. 50 U.S.C. App. § 521.

(Order of 4/6/07 at 1 (emphasis added).) Yet, the affidavit submitted by plaintiff's counsel in support of default fails to provide any necessary facts to support a finding that Ahern is not in military service – she does not state that she checked the Department of Defense website regarding servicemembers, contacted the military to inquire about Ahern's status, had information from an employer of Ahern confirming his nonmilitary status, or had contact with Ahern in the United States such that he could not be in the military. Also, counsel's declaration is not based on personal knowledge – her "belief" is not enough.

2

As for the claims against the plan, notwithstanding counsel's reference to the plan in her declaration in support of the entry of default, neither her request for entry of default nor her December 11, 2007 motion for default judgment sought resolution of the case against the plan. Both sought action against Ahern alone.

Considering the plaintiff's failure to proceed against the plan in response to the court's November 8 order,

IT IS ORDERED that all claims against the plan are dismissed.

On the other hand, the court will give plaintiff an additional chance to resolve the claims against Ahern. Therefore,

IT IS ORDERED that on or before December 28, 2007, plaintiff must file necessary facts, in an affidavit or declaration based on personal knowledge, supporting a finding that Ahern is not a servicemember. No extensions will be granted. Thus, if plaintiff fails to proceed as directed by the end of the day on December 28, all claims against Ahern will be dismissed and a consent judgment will be entered against James Kidd only.

Dated at Milwaukee, Wisconsin, this 20th day of December, 2007.

BY THE COURT

s/ C. N. CLEVERT, JR.
C. N. CLEVERT, JR.
U. S. District Judge